UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X
SCOTT WYMAN,

                         Plaintiff,

                                                            Docket No.

     v.

SPRINGFIELD TERMINAL RAILWAY COMPANY.,

                         Defendant
-----------------------------------------------------------X

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Plaintiff, by his attorneys, the Naumes Law Group, LLC, complain of the Defendant and allege as follows:

**THE PARTIES**

1.     Plaintiff, Scott Wyman, is a resident of Milo, Maine.

2.     The defendant, Springfield Terminal Railway Company, is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in Massachusetts.

3.     On to October 25, 2017, and at all times hereinafter mentioned, the defendant employed the plaintiff, Scott Wyman, as a conductor under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.     On October 25, 2017, and at all times hereinafter mentioned, the defendant maintained, operated and controlled the area in Augusta, Maine, which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over,

through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The Plaintiff brings this cause of action against the defendant pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51, et seq, (FELA).

7. This Court has original federal question subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 and the Federal Employers Liability Act 45 U.S.C. § 51, et seq, (FELA).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in this District, because the defendant has a principal place of business and resides in this District and/or because defendant does business in this District.

## COUNT I

9. The plaintiff brings this action against the defendant, Springfield Terminal Railway Company, a railroad corporation duly established by the law of the State of Vermont, and having its principal office at Iron Horse Park, North Billerica, Massachusetts 01862, for injuries suffered by him while in the employ of the defendant. This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq.

10. During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between said Billerica, Massachusetts and Augusta, Maine; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

11.     On or about October 25, 2017, the plaintiff was employed as a conductor by the defendant and was engaged in his duties as a conductor for Springfield Terminal Railway Company, which station, tracks, rails, switches, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant, and as a result of the negligence of the defendant, its agents, servants or employees, the plaintiff was injured.

12.     The plaintiff sustained his injuries while shoving railroad care for the defendant in Augusta, Maine. While shoving railroad cars, the plaintiff sustained serious injuries to his back when the Defendant's railcar struck a parked vehicle. The defendant was negligent and caused the plaintiff's injuries in that:

1. They required to plaintiff to work without proper clearance from parked vehicles;
2. They failed provide an adequate barrier between the parking lot and train tracks;
3. They failed to provide adequate tools and equipment for the job;
4. They failed to properly warn the plaintiff of a dangerous condition;
5. They failed to inspect the premises for dangerous conditions;
6. They failed to provide the plaintiff with a safe place to work; and
7. They were otherwise negligent or reckless.

13.     As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future. Prior to said accident, the plaintiff was earning the wages of a conductor as an employee of the defendant; that as a result of the said accident, the plaintiff has been incapacitated and prevented from engaging in his employment and that the plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

## COUNT II

14. The plaintiff is a resident of Milo, Maine and brings this action against the defendant, Springfield Terminal Railway Company, a railroad corporation duly established by the law of the State of Vermont, and having its principal office at Iron Horse Park, North Billerica, Massachusetts 01862, for injuries suffered by him while in the employ of the defendant. This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq.

15. During all the times hereto mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Billerica, Massachusetts and Augusta, Maine; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

16. On or about October 25, 2017, the plaintiff was employed as a conductor by the defendant and was engaged in his duties as a trackman for Springfield Terminal Railway Company, which station, tracks, rails, switches, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant, and as a result of the failure of the defendant, its agents, servants or employees to use reasonable care to provide the plaintiff a safe place in which to work and to furnish him with safe and suitable tools, appliances and equipment, the plaintiff was injured.

17. The plaintiff sustained his injuries while shoving railroad cars for the Defendant in Augusta, Maine. While shoving railroad cars the car that the Plaintiff was riding on struck a parked vehicle causing injuries to his back. Those injuries were caused by the defendant's failure to use reasonable care to provide the plaintiff a safe place in which to work and to furnish him with safe and suitable tools, appliances and equipment shove cars. As a result, the plaintiff was injured.

18. As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered

great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future. Prior to said accident, the plaintiff was earning the wages of a conductor as an employee of the defendant; that as a result of the said accident, the plaintiff has been incapacitated and prevented from engaging in his employment and that the plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

WHEREFORE, Plaintiff, Scott Wyman, demands judgment against the defendant in an amount to be determined at trial, together with interest and costs and such other relief as this Honorable Court may deem necessary.

**PLAINTIFF RESERVES THE RIGHT TO A JURY TRIAL**

DATE: October 19, 2020

Scott Wyman
By his attorneys,

/s/ Christopher C. Naumes
Christopher C. Naumes, BBO #: 671701
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
christopher@naumeslaw.com
Attorneys for Plaintiff

/S/Robert T. Naumes
Robert T. Naumes, BBO #:367660
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
robert@Naumeslaw.com